IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHELLE PAYLOR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>FTW ENTERPRISES, LLC d/b/a<br>FTW HOLDINGS, LLC, et al.,<br><br>Defendants. | State Court Case No.:<br>2416-CV22705<br><br>Federal Case No.: |

## NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446

PLEASE TAKE NOTICE that Defendants FTW Enterprises, LLC d/b/a FTW Holdings LLC; FTW Investments LLC; 728 N Jennings Rd Partners, LLC; Tango Property Management, LLC; Stoneybrook Partners, LLC; Stoneybrook Towers, LLC; Parker Webb; Logan Freeman; and Cory Tuck (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, hereby remove the state court action described herein, filed by Plaintiffs Michelle Paylor and Randall Carver ("Plaintiffs") in the Circuit Court of Jackson County, Missouri at Independence, to the United States District Court for the Western District of Missouri, Western Division. In support thereof, Defendants state as follows:

**I.     PLEADINGS, PROCESS, AND ORDERS**

1.     On August 9, 2024, Plaintiffs filed a Class Action Petition & Demand for Jury Trial (the "Petition") in the Circuit Court of Jackson County, Missouri at Independence, styled *Michelle Paylor et al. v. FTW Enterprises, LLC d/b/a FTW Holdings LLC, et al.*, Case No. 2416-CV-22705 (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served on or by Defendants in the State Court Action, preceded by the State Court docket sheet, are attached hereto as **Exhibit A.**

3. A true and correct copy of the Petition is attached hereto as **Exhibit B**.

4. The Petition asserts the following causes of action across two putative classes and six counts:

(a) Breach of the Implied Warranty of Habitability (**Ex. B** at 33, 38);

(b) Violation of the Missouri Merchandising Practices Act ("MMPA") (**Ex. B** at 35, 40); and

(c) Negligence (**Ex. B** at 36, 41).

5. On August 25, 2025, Plaintiffs filed a Motion for Class Certification (the "Certification Motion"). A true and correct copy of the Certification Motion is attached hereto as **Exhibit C**.

## II. VENUE

6. Plaintiffs originally brought the State Court Action in the Circuit Court of Jackson County, Missouri. Therefore, venue is proper in the Western District of Missouri. 28 U.S.C. §§ 105, 1441(a), and 1446(a).

## III. STATEMENT OF JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States District Courts with jurisdiction over any civil action: (a) that is a class action with more than one hundred putative class members in the aggregate; (b) in which any member of a class of plaintiffs is a citizen of a

state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

8. CAFA authorizes removal of such actions in accordance with the general procedures of 28 U.S.C. § 1446, as modified by 28 U.S.C. § 1453(b).

### A. The Proposed Class Contains More Than 100 Members

9. This State Court Action satisfies CAFA's class size requirement because Plaintiffs' putative classes comprise more than 100 members in the aggregate. *See* 28 U.S.C. § 1332(d)(5); **Ex. B ¶¶** 125 ("The Independence Towers Class is believed to number in the hundreds of persons"), 135 ("The StoneyBrook East Class is believed to number in the hundreds of persons"); **Ex. C** at 6 ("the two classes combined have over 200 members").

### B. CAFA Minimal Diversity Exists

10. CAFA requires only minimal diversity: that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b).

11. At the time Plaintiffs commenced this State Court Action and at the time of removal, Plaintiffs Michelle Paylor and Randal Carver were and are citizens of the State of Missouri. *See* **Ex. B ¶¶** 7, 11.

12. At the time Plaintiff commenced this State Court Action and at the time of removal, Defendant Cory Tuck was and is a citizen of the State of Kansas. *See generally* Declaration of Cory Tuck, attached hereto as **Exhibit D.**

13. Accordingly, the State Court Action satisfies CAFA's minimal diversity requirement because named Plaintiffs Michelle Paylor and Randal Carver are citizens of Missouri and Defendant Cory Tuck is a citizen of Kansas.

### C. The Amount in Controversy Exceeds $5,000,000

14. CAFA grants the United States District Courts with original jurisdiction where the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2).

15. Under CAFA, "[c]ompensatory damages, punitive damages, and statutory attorney's fees all count towards the amount in controversy." *Harrington Enterprises, Inc. v. Safety-Kleen Systems, Inc.*, 42 F. Supp. 3d 1197, 1199 (W.D. Mo. 2013) (citing *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887-88 (8th Cir. 2013); *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005)); *see also Peterson v. The Travelers Indemnity Company*, 867 F.3d 992, 996 (8th Cir. 2017).

16. In its notice of removal, a removing defendant need only "'plausibly allege[]' that the case *might* be worth more than $5 million." *Leflar v. Target Corp.*, 57 F.4th 600, 603 (8th Cir. 2023) (emphasis in original).

17. Defendants deny the validity and merit of the entirety of Plaintiffs' claims, the legal theories upon which they are ostensibly based, and the claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiffs or the putative classes are entitled to any damages or relief whatsoever, it is readily apparent that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944–45 (8th Cir. 2012) ("The removing party's 'burden of describing how the controversy exceeds $5 million' constitutes 'a pleading requirement, not a demand for proof. Discovery and trial come later.' The removing party 'need not confess liability in order to show that the controversy exceeds the threshold.'") (quoting *Spivey v. Vertrue, Inc.,* 528 F.3d 982, 986 (7th Cir. 2008) (internal marks omitted)).

18. The reasoning is that Plaintiffs are asserting causes of action under, *inter alia*, the MMPA, which authorizes recovery of actual damages, attorney's fees, punitive damages, and equitable relief. Mo. Rev. Stat. § 407.025.

19. The Petition did not explicitly disclose an aggregate amount in controversy.

20. Nor did Plaintiffs explicitly disclose a damages calculation or methodology in response to discovery requests served by Defendants, instead deferring such a calculation to later proceedings.

21. However, in the Certification Motion, Plaintiffs cite their proposed Economist expert, Dr. William Rogers, relying on his argument that the economic damages shall "be calculated based on the total amount paid by Plaintiffs" during the class period, which they assert extends from early 2021 to the present. **Ex. C** at 15, 23.

22. In Dr. Rogers' subsequent deposition, he testified that he would calculate damages in a formulaic manner using "[r]ent paid by the class for each unit" and agreed that his calculation would essentially be "whatever was paid in rent equals the damages" over the class period, which might be ongoing. (Rogers Dep. 8:17-25, 9:12-10:18, (Sept. 10, 2025)). A true and correct copy of Dr. William Rogers' deposition is attached hereto as **Exhibit E.**

23. The Certification Motion further asserts Plaintiffs' proposed classes "consist of well over 150, if not hundreds, of residents[.]" **Ex. C** at 22.

24. Specifically, Plaintiffs claim that the Independence Towers Class includes "well over 100 members" through a proposed period of "any time between March 2021 and the present" and that the Stoneybrook East Class includes "over 50 members" through a proposed period of "any time between January 2021 and the present." **Ex. C** at 1, 2, 6.

5

25. As Plaintiffs' proposed class period extends *to the present*, extrapolating the estimated rent revenue figures from the beginning of the class periods in early 2021 through October 2025 results in an estimated revenue of $4.8 million.

26. Thus, even before considering possible rent increases, out-of-pocket costs, or any other actual damages or attorneys' fees Plaintiffs may seek, the amount in controversy under Plaintiffs' theory exceeds $4.8 million in the aggregate.

27. In addition to actual economic damages, Plaintiffs have requested attorneys' fees. **Ex. B** at 44.

28. Missouri Courts have granted substantial attorneys' fees in class actions brought under the MMPA and other cases brought under similar allegations to Plaintiffs' here. *See, e.g.*, *Berry v. Volkswagen Group of America, Inc.*, 397 S.W.3d 425 (Mo. banc 2013) (affirming an attorneys' fee award of over $3,000,000 in an MMPA class action lawsuit with a total payout to class members of $125,261); *Kerr v. Vatterott Educational Centers, Inc.*, No. 1216-CV12385, 2014 WL 3709725, at *6 (Mo. Cir., Jackson County Feb. 28, 2014) (granting attorney's fees under the MMPA in the amount of $388,059 on actual damage award of $27,676.96); *Fuentes v. KM-T.E.H. Realty 8, LLC*, Case No. 1916-CV29273 (Mo. Cir. Ct., Dec. 4, 2020) (order granting class counsel $20,831,592.50 in attorneys' fees in a class action lawsuit alleging violations of the MMPA and Implied Warranty of Habitability in connection with a multi-residential complex); *Puga v. Nephrite Fund I, LLC*, Case No. 2116-CV13008 (Mo. Cir. Ct., Nov. 22, 2024) (order granting class counsel $763,221 in attorneys' fees in a class action lawsuit alleging violations of the MMPA and Implied Warranty of Habitability in connection with a multi-residential complex

177176376.1

with approved settlement of $1.5 million).[1] Further, this court has previously applied a standard 33% estimated attorneys' fee award when calculating the amount in controversy. *Harrington Enterprises, Inc. v. Safety-Kleen Systems, Inc.*, 42 F.Supp.3d 1197, 1201 (W.D. Mo. 2013).

29. Applying a 33% estimated attorneys' fee award to the extrapolated $4.8 million revenue figure, the total amount in controversy exceeds $6,384,000.

30. Under Plaintiffs' asserted damages methodology testified to by Plaintiffs' Economist expert, in conjunction with potential attorneys' fees,[2] the amount in controversy clearly exceeds CAFA's jurisdictional minimum of $5,000,000. *Leflar v. Target Corporation*, 57 F.4th 600, 603 (8th Cir. 2023) (if 'the notice of removal plausibly alleges,' and the evidence shows, that the case *might* be worth more than $5 million (excluding interest and costs), 'then [it] belongs in federal court'") (emphasis and alteration in original) (citation omitted).

**D. Removal is Timely**

31. A defendant may remove an action under CAFA within thirty days (30) of receiving an amended pleading, motion, order, or other paper "from which the defendant can unambiguously ascertain" that the CAFA jurisdictional requirements have been satisfied. *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 985 (8th Cir. 2019); 28 U.S.C. §§ 1446(b)(3); 1453(b).

32. Further, a removing defendant "has no duty 'to search its own business records or perform an independent investigation into a plaintiff's indeterminate allegations to determine removability.'" *See Gibson v. Clean Harbors Environmental Services, Inc.*, 840 F.3d 515, 519–20 (8th Cir. 2016) (quotation omitted).

---

[1] Plaintiffs analogized the present case to *Fuentes* and *Puga* in their pending Motion for Class Certification. *See* **Ex. C** at 24.
[2] Plaintiffs have not yet disclaimed MMPA punitive damages, which would further extend the amount in controversy beyond the CAFA statutory minimum.

33. The Petition did not explicitly disclose an aggregate amount in controversy; specific class size; theory and methodology of damages; itemization of damages; or anything else that would permit Defendants to unambiguously ascertain that more than $5 million was in controversy.

34. Nor did Plaintiffs explicitly disclose in written discovery or elsewhere after filing the Petition a claimed damages amount, itemization, calculation, or methodology, instead deferring such a calculation to later proceedings.

35. For example, on May 25, 2025, in sworn supplemental responses to Defendant 728 Jennings Rd. Partners, LLC's First Requested Interrogatories, Plaintiff Paylor declined to provide any explicit damages figure or methodology, reiterating Plaintiffs' position that expert testimony "is a more appropriate method of discovery" for economic damages for or on behalf of all putative class members, and stated that such discovery would "be provided in accordance with Missouri rules and any scheduling order." Plf. Paylor's First Supp. Resps. Objs. to Def, 728 Jennings Rd. Partners, LLC's First Requested Interrogs. ¶¶ 4-7. A true and correct copy of Plaintiff Paylor's May 14, 2025, First Supplemental Responses is attached hereto as **Exhibit F**.

36. Plaintiffs' allegations as to the amount in controversy remained indeterminate and not explicit until at the earliest August 21, 2025 when Plaintiffs' counsel informally disclosed to Defendants their Economist expert, and then on August 25, 2025, when counsel formally disclosed the expert in connection with their filing the Certification Motion. Not until this disclosure did Defendants know Plaintiffs proposed damages methodology. And arguably, Defendants did not sufficiently know the proposed damages methodology until the Economist expert's deposition on September 10, 2025. *See Gibson v. Clean Harbors Environmental Services, Inc.*, 840 F.3d 515, 522 (8th Cir. 2016) (Plaintiff's expert report setting forth explicit theory of damages and class size

for residents' putative class action constituted "other paper" sufficient to trigger timely CAFA removal.) A true and correct copy of Plaintiffs' counsel's August 21, 2025 disclosure is attached hereto as **Exhibit G**.

37. Accordingly, this Notice of Removal is timely because it has been filed and served on September 18, 2025, within thirty (30) days of Plaintiffs' counsel's August 21, 2025 informal disclosure and the August 25, 2025 Certification Motion, which again had attached the disclosure letter from Plaintiffs' Economist expert. This disclosure constituted a motion or "other paper" and was what first enabled Defendants to unambiguously ascertain that the CAFA jurisdictional requirements have been satisfied. *See id*; *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 985 (8th Cir. 2019); 28 U.S.C. § 1446(c)(3).

IV. **NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT**

38. Written notice of the filing of this Notice of Removal has been served on all parties who have appeared in this State Court Action and a copy of the Notice of Removal has been filed with the Clerk of Court of the Circuit Court of Jackson County, Missouri.

WHEREFORE, Defendants FTW Enterprises, LLC, d/b/a FTW Holdings, LLC; FTW Investments LLC; 728 N Jennings Rd Partners, LLC; Tango Property Management, LLC; Stoneybrook Partners, LLC; Stoneybrook Towers, LLC; Parker Webb; Logan Freeman; and Cory Tuck request that this action be removed from the Circuit Court of Jackson County, Missouri, to this Court, and that further proceedings be conducted in this Court as provided by law.

Dated this 18th day of September, 2025.

                Respectfully submitted,

                */s/ Jason S. Leiker*
                Jason S. Leiker   (MO Bar No. 53973)
                Stefan Palys (Pro Hac Vice)
                **FOX ROTHSCHILD LLP**
                4900 Main Street, Suite 150
                Kansas City, MO 64112
                Tel: (816) 919-7900
                Fax: (816) 919-7901
                EM: JLeiker@Foxrothschild.com
                      SPalys@Foxrothschild.com

                **ATTORNEY FOR FTW ENTERPRISES, LLC, d/b/a FTW HOLDINGS, LLC; FTW INVESTMENTS LLC, STONEYBROOK PARTNERS, LLC; STONEYBROOK TOWERS, LLC, PARKER WEBB; LOGAN FREEMAN, CORY TUCK**


                Derek H. MacKay MO #59078
                Mark W. Schmitz MO #69329
                **KNIGHT NICASTRO MACKAY, LLC**
                304 West 10th Street
                Kansas City, MO 64105
                Tel: (816) 396-0161
                Fax: (816) 396-6233
                Email: mackay@knightnicastro.com
                       schmitz@knightnicastro.com

                Christopher B. Turney MO#54079
                **TURNEY LG**
                1111 Main Street, Suite 600
                Kansas City, MO 64105
                Tel: (816) 949-1114
                Email: cturney@turneylg.com

                **ATTORNEYS FOR DEFENDANT 728 N. JENNINGS RD. PARTNERS, LLC**

Jason L. Call
James R. Howard #57866
**ROGERS EHIRHARDT**
Seven Oaks Business Center
302 Campusview Drive, Suite 204
Columbia, Missouri 65201
Tel: (573) 442-0131
Fax: (573) 442-9423
Email: jcall@rogersehrhardt.com
jhoward@rogersehrhardt.com

**ATTORNEYS FOR DEFENDANT TANGO PROPERTY MANAGEMENT, LLC**

CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 18th day September, 2025, the foregoing was electronically transmitted to the Clerk of Court using the Court's electronic filing system for filing and transmittal of a Notice of Electronic Filing to the following registrants:

All parties and counsel of record in this matter who have registered to receive electronic filings.

*/s/ Jason S. Leiker*
Jason S. Leiker